ELISHA BURKE WHITE v. E. S. NORMAN.

(Filed 21 February, 1923.)

**Wills—Estates—Defeasible Fee—Deeds and Conveyances—Heirs—Rule in Shelley's Case.**

> An estate to W. during his natural life, and after his death to such child or children as he may have or leave lawfully begotten of his body, to be equally divided between them; but if he should not leave any children, then to his nearest heirs: *Held,* the estate acquired by W. is liable to be defeated by his dying and leaving him surviving child or children, and he may not convey an absolute fee-simple title. Whether the ulterior limitation to his nearest heirs would otherwise give him the fee-simple title under the rule in *Shelley's case, quere?*

APPEAL by plaintiff from *Kerr, J.,* at December Term, 1922, of CHOWAN.

Controversy without action, submitted on an agreed statement of facts.

Plaintiff, being under contract to convey certain land to the defendant, executed and tendered a deed therefor and demanded payment of the purchase price as agreed. The defendant declined to accept the deed and refused to make payment, claiming that the title offered was defective.

Upon the facts agreed, the court being of opinion that the deed tendered was insufficient to convey a good and indefeasible title, gave judgment for the defendant; whereupon the plaintiff excepted and appealed.

*Herbert Leary for plaintiff.*
*No counsel for defendant.*

1—185

STACY, J. On the hearing the title offered was properly made to depend upon the construction of the following clause in the will of Mrs. Elizabeth J. Burke:

"I loan to Elisha Burke White during his natural life my home tract of land where I now live, . . . also, the Darden or Dillard land (description not in dispute), and after his death to such child or children as he may have or leave lawfully begotten of his body to be equally divided share and share alike between them, but if he should not leave any children, then said property shall go to his nearest heirs."

The case states that Elisha Burke White, plaintiff in this action, at the time of the death of the testatrix in 1904, was unmarried, but that he has since married and is now the father of three living children, the oldest being fourteen years of age.

Plaintiff contends that under the foregoing clause in the will of Mrs. Elizabeth J. Burke he holds a fee-simple title to the land sought to be conveyed, by virtue of the operation of the rule in *Shelley's case;* while the defendant contends that, under the provisions of said clause, the plaintiff took only a life estate in the property so devised.

We think it is manifest that the plaintiff cannot convey a full and absolute title to the land in question, even though he should be held to take a defeasible fee by reason of the ulterior limitation to "his nearest heirs." Conceding, without deciding, that, for the purpose of hereditary transmission, the plaintiff may be seized of an estate in fee simple, yet this, by the express terms of the instrument under which he holds, is liable to be defeated by his dying and leaving him surviving a child or children. *Stewart v. Kenower,* 62 Pa., 288; note; 29 L. R. A. (N. S.), 997 *et seq.* See, also, *Whitesides v. Cooper,* 115 N. C., 570, and cases there cited.

The ruling of the court below must be upheld.

Affirmed.